## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NATIONAL CITY COMMERCIAL CAPITAL COMPANY, LLC as successor-by-merger to to NATIONAL CITY COMMERCIAL CAPITAL CORPORATION, as assignee of NATIONAL MACHINE TOOL FINANCIAL CORP., <br><br> Plaintiff, <br> v. <br><br> KORLE BU MEDICAL GROUP, LTD. and DR. JOHN ACQUAYE-AWAH individually, <br><br> Defendants. | Case No.:07-cv-06124 |

### AMENDED VERIFIED COMPLAINT

Plaintiff, NATIONAL CITY COMMERCIAL CAPITAL COMPANY, LLC as successor-by-merger to National City Commercial Capital Corporation ("National City"), as assignee of National Machine Tool Financial Corp., by Askounis & Borst, P.C., its attorneys, and for its Complaint against defendants, KORLE BU MEDICAL GROUP, LTD ("Korle Bu") and DR. JOHN ACQUAYE-AWAH, ("Dr. Acquaye-Awah") (collectively, "Defendants") states as follows:

### PARTIES

1. Plaintiff, National City is an Indiana limited liability company with its principal place of business at 995 Dalton Avenue, Cincinnati, Ohio 45203.

2. National City Bank, a ninety-nine percent member of National City, is a national banking association with its principal place of business at 1900 E. 9th St., Cleveland, OH 44114.

3. NCBO Holdings, Inc., a one percent member of National City, is an Indiana corporation with its principal place of business at 1 National City Center, Indianapolis, IN 46255.

4. Defendant, Korle Bu is an Illinois corporation with its principal place of business at 5517 S. Michigan Avenue, Chicago, IL 60637.

5. Defendant Dr. Acquaye-Awah a citizen of Illinois residing at 9033 Reserve Drive, Willow Springs, IL 60480.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Venue is appropriate in this Court pursuant to 28 U.S.C §1391 because Korle Bu is incorporated in and Dr. Acquaye-Awah is a citizen of Illinois and because a substantial part of the events giving rise to National City's claims occurred in this District.

## BACKGROUND

8. On or about February 28, 2006, Korle Bu and National Machine Tool Financial Corporation ("Machine Tool"), a non-party, entered into Lease Agreement 65573000 (the "Lease"). A true and correct copy of the Lease is attached hereto as Exhibit A.

9. In order to induce Machine Tool to enter into the Lease, Dr. Acquaye-Awah personally guaranteed all obligations under the Lease. A true and correct copy of the "Guaranty" is attached hereto as part of Exhibit A.

10. Pursuant to the Lease, Machine Tool purchased the following equipment: One (1) new Zonare Z.One Ultrasound Unit, S/N 1156S105L, including all attachments and accessories (the "Equipment") and subsequently leased the Equipment to Korle Bu.

11. The Equipment was delivered and accepted by Korle Bu on or about January 2, 2006. A true and correct copy of the Delivery and Acceptance Notice is attached hereto as Exhibit B.

12. On or about May 15, 2006, Machine Tool assigned all of its right, title and interest in the Lease to National City. A true and correct copy of the Sale and Assignment of Lease Without Recourse is attached hereto as Exhibit C.

13. In order to secure payments under the Lease, Korle Bu granted Machine Tool a continuing first priority security interest in the Equipment, which was subsequently assigned to National City. A true and correct copy of the UCC Financing Statement is attached hereto as Exhibit D.

14. Pursuant to the terms of the Lease, Korle Bu agreed to make sixty (60) consecutive monthly payments of $1,788.94 each.

15. Korle Bu defaulted under the terms of the Lease by failing and refusing to make the monthly payments when due.

16. Paragraph 17 of the Lease Agreement provides, in pertinent part, as follows:

> The occurrence of any one of the following events will constitute a default by lessee hereunder ("event of default") (i) failure to pay or perform any of lessee's obligations under this lease within ten (10) days from the due date of payment or performance.
>
> Upon an event of default, lessor may, at its election and without notice or demand, exercise any one or more of the following remedies in order to protect the interest and reasonably expected profits and bargains of lessor: (i) upon notice to lessee terminate this lease and all lease schedules executed pursuant thereto; (ii) the occurrence of any event of default or any time thereafter, or if lessor decides, in its sole discretion, not to take possession of the equipment, lessor continues to be the owner of the equipment and may, but is not obligated to, dispose of the equipment by sale or otherwise, all of which determinations may be made by lessor in its absolute discretion and for its own account; (iii) declare immediately due and payable all sums due and to become due hereunder for the full term of the lease (including any renewal or purchase options which lessee has contracted to pay).

See Lease attached hereto as Exhibit A.

17. The Guaranty of Dr. Acquaye-Awah provides as follows:

> The undersigned ("Guarantor") consents to the terms and conditions of the above Lease and unconditionally and irrevocably assures and guarantees to Lessor full and timely performance and observance of all duties and obligations of Lessee under the above Lease, including without limitations prompt payments when due, whether by acceleration or otherwise, of Lease Payments, Renewal Payments, reasonable attorney's fees, costs and expenses of collection incurred by Lessor in enforcing Lessee's duties and obligations under the above Lease and all other amounts due under the Lease. In addition, Guarantor shall be liable for reasonable attorney's fees, costs and expenses of collection incurred by Lessor in enforcing Guarantor's obligations under this Guaranty.

See Guaranty attached hereto as part of Exhibit A.

18. As of the filing of this Complaint, the total balance due under the Lease is $81,058.39.

19. National City has performed all of its obligations under the Lease.

20. National City has demanded all monies due and owing from Korle Bu under the Lease and from Dr. Acquaye-Awah as a result of his Guaranty, but those amounts remain unpaid to date.

## COUNT I
## BREACH OF CONTRACT

21. National City realleges and reasserts paragraphs 1 through 20 of its Complaint as though fully set forth herein as paragraph 21 of its Complaint.

22. As a result of Korle Bu's default under the Lease, National City is entitled to damages for Korle Bu's breach of contract in the amount of $81,058.39, plus interest thereon from the date of default in accordance with the terms of the Lease.

## COUNT II
## BREACH OF GUARANTY

23. National City realleges and reasserts paragraphs 1 through 22 of its Complaint as though fully set forth herein as paragraph 23 of its Complaint.

24. As a result of Korle Bu's default under the Lease, National City is entitled to damages from Dr. Acquaye-Awah under the terms of his Guaranty in the amount of $81,058.39, plus interest thereon from the date of default in accordance with the terms of the Lease.

## COUNT III
## REPLEVIN

25. National City realleges and reasserts paragraphs 1 through 24 as though fully set forth herein as paragraph 25 of its Complaint.

26. As a result of Korle Bu's default under the Lease, National City is entitled to possession of the Equipment in accordance with the terms of the Lease.

27. National City has made written demand upon Korle Bu and Dr. Acquaye-Awah for return of the Equipment.

28. Korle Bu is wrongfully in possession and control of the Equipment.

29. Upon information and belief, the value of the Equipment is $10,000.00.

30. National City has been unable to secure possession of its Equipment through peaceful means, and therefore claims the immediate return of the Equipment, or the reasonable value of any Equipment not returned pursuant to any order entered by this Court.

31. The Equipment has not been taken for any tax, assessment or fine levy by virtue of the law of any state against property of National City, or against National City individually, nor seized under any lawful process against the goods and chattels of National City subject to such lawful process nor held by virtue of any order of replevin against National City.

WHEREFORE, NATIONAL CITY COMMERCIAL CAPITAL COMPANY, LLC respectfully requests that this Court enter judgment in its favor and against KORLE BU MEDICAL GROUP, LTD and DR. JOHN ACQUAYE-AWAH, jointly and severally, as follows:

a. Awarding National City damages in the amount of $81,058.39 on National City's breach of contract claim, plus interest thereon from the date of default;

b. Directing the Federal Marshal and/or the Cook County Sheriff to use all necessary force to repossess the Equipment, or any part thereof from Korle Bu and Dr. Acquaye-Awah at 5517 S. Michigan Avenue, Chicago, IL 60637, or wherever it may be found, or in the alternative, to enter judgment against Korle Bu and Dr. Acquaye-Awah jointly and severally for the value of the Equipment;

c. Awarding National City its attorney's fees and costs; and

d. Awarding National City such other and further relief as this Court deems just.

> NATIONAL CITY COMMERCIAL CAPITAL COMPANY, LLC as successor-by-merger to NATIONAL CITY COMMERCIAL CAPITAL CORPORATION, assignee of NATIONAL MACHINE TOOL FINANCIAL CORPORATION
>
> By: s/ Vincent T. Borst
> Vincent T. Borst, Esq. (ARDC #06192904)
> Jennifer E. Gaylord (ARDC #6284809)
> ASKOUNIS & BORST, P.C.
> Two Prudential Plaza
> 180 N. Stetson Street, Suite 3400
> Chicago, Illinois 60601
> (312) 861-7100 Telephone
> (312) 861-0022 Facsimile
> Vtborst@askborst.com
> Jgaylord@askborst.com

U:\JGaylord\National City\Korle Bue Medical Group\Amended Complaint.wpd